IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DUANE CARTER, #200531, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-355-MHT |
| ) | [WO] |
| J. KENT, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Duane Carter, a state inmate, on May 19, 2015.[1] In the instant civil action, Carter alleges that on May 10, 2013 the defendants acted with deliberate indifference to an eye injury he suffered when a chemical agent splashed in his face while working in the kitchen at Kilby Correctional Facility. Doc 1 at 2–3.  Specifically, Carter complains that "the institutional kitchen does not have an eye-wash-station to allow inmates . . . to wash or flush out their eyes" and further alleges a "delay of (7) hours occurred" between the time of treatment by the institutional nurse and his referral to a free-world hospital "for medical diagnosis."

---

[1] The court "received" the complaint on May 22, 2015.  Carter executed the complaint on May 19, 2015, Doc. 1 at 4, and therefore this is the earliest date he could have placed the complaint in the prison's mail system.  Thus, the court considers May 19, 2015 to be the date of filing. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988) (deeming *pro se* inmate's complaint to be filed on date delivered to prison officials for mailing).

Doc. 1 at 3.[2] Carter names as defendant Janes Kent and Willie Sanford, who were the kitchen stewards at Kilby, and Corizon Healthcare, Inc., the contract medical care provider for the state prison system. Carter seeks monetary damages for the alleged violations of his constitutional rights. Doc. 1 at 4.

The defendants filed special reports and relevant evidentiary materials in support of their reports, including affidavits and certified copies of Carter's medical records. In these filings, the defendants deny that they acted with deliberate indifference to the eye injury suffered by Carter. The defendants further assert that the claims presented in the complaint are barred by the applicable statute of limitations. Docs. 19 at 5–6, 20 at 2 & 37 at 3.

After receipt of the defendants' special reports, the court issued an order directing Carter to file a response to "the defendants' assertions that: (i) This case is due to be dismissed because it is barred by the applicable two-year period of limitations as the claims were not brought within two years from the time this cause of action accrued. . . .; and (ii) They did not act with deliberate indifference to his medical needs." Doc. 40 at 1. The order advised Carter that his response to the defendants' reports should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials, and specifically cautioned that "**unless within ten (10) days from the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a

---

[2] Despite the lack of a designated eye washing station, Carter does not dispute that "there are multiple sinks with clean running water" in the kitchen that he could use to flush out his eyes. Doc. 38-2 at 1.

response] and **without further notice to the parties** (1) treat the special reports and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 40 at 2–3. Carter filed an unsworn response to this order on December 14, 2015. Doc. 43.

Pursuant to the directives of this order, the court deems it appropriate to treat the defendants' reports as a motion for summary judgment and concludes that summary judgment is due to be granted in favor of the defendants because Carter did not file this case within the two-year statute of limitations.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed.R.Civ.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (holding that moving party has initial burden of showing there is no genuine dispute of material fact for trial). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–24; *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (holding that moving party discharges his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial).

The defendants have met their evidentiary burden. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3); *Jeffery*, 64 F.3d at 593–94 (holding that, once a moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when a party produces evidence that would allow a reasonable factfinder to return a verdict in its favor such that summary

judgment is not warranted. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). "[T]here must exist a conflict in substantial evidence to pose a jury question." *Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citation omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253–54 (11th Cir. 2013) (same).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

The court has undertaken a thorough and exhaustive review of the evidence contained in the record. After this review, the court finds that Carter has failed to

demonstrate a genuine dispute of material fact in order to preclude the entry of summary judgment in favor of the defendants.

### III. DISCUSSION

A.   Relevant Facts[3]

On May 10, 2013, at approximately 9:45 a.m., a chemical liquid splashed into Carter's left eye during his shift in the kitchen at Kilby.[4] Doc. 1 at 3. Carter reported the accident to defendant Sanford, who immediately contacted the Kitchen Officer, Calvin Williams. Doc. 28-3 at 2. Officer Williams "had inmate Carter flush his eyes out with water [and] then escorted inmate Carter to the [health care unit] for medical attention, which is located on the same hallway as the kitchen and would only take about a minute to walk to." Doc. 38-3 at 2.

Upon arrival at the health care unit at 9:50 a.m., the attending nurse observed an "irritation to [Carter's left] eye unable to keep eye lids open" and provided "eye irrigation." Doc. 19-5 at 2–3. She instructed Carter not to "touch or rub [his left] eye." Doc. 19-5 at 2. The nurse contacted Dr. Bobby Crocker who ordered that Carter be transported to Jackson Hospital in Montgomery, Alabama for further evaluation and treatment. Doc. 19-5 at 2. Medical personnel contacted correctional officials to arrange

---

[3] The facts are gleaned from the complaint, the undisputed medical records compiled by correctional medical personnel and medical personnel at a free-world hospital who evaluated the injury to Carter's left eye on the day of the incident, and the undisputed statements made by the defendants in their affidavits.

[4] Although Carter initially identified the date of the incident as May 24, 2013, Doc. 1 at 2–3, he later admitted that the date of the incident listed in the prison medical records and the records from Jackson Hospital—May 10, 2013—is the actual date the incident occurred but, nevertheless, argued that he timely filed the complaint within two years of that date. Doc. 43 at 2–3. As discussed below, Carter bases the assertion of timely filing on his misunderstanding of the Federal Rules of Civil Procedure regarding the days excluded from the running of the limitations period.

Carter's transport to Jackson Hospital and "[a]t approximately 11:17 a.m. [a correctional officer] departed Kilby with inmate[] . . . Carter, en route to Jackson Hospital." Doc. 19-5 at 4.  This transport occurred within one hour and thirty minutes of Carter's arrival at the health care unit.  The records of Jackson Hospital establish that Carter arrived there at 11:39 a.m. Doc. 19-3 at 25.  Carter received treatment from hospital personnel for a corneal abrasion and was then released for return to Kilby. Doc. 19-3 at 25.

**B.     Statute of Limitations**

The events giving rise to Carter's claims occurred on May 10, 2013.  The defendants argue that the claims are barred by the applicable statute of limitations because Carter failed to file the instant complaint within two years of the accrual of his claims on May 11, 2015.  In response to this defense, Carter alleges that "[t]he Defendants have Miscalculated the Limitation-Filing Period in Plaintiff's cause before this Court, 'Due to the Clerk's office being closed on Weekends and Holidays pursuant to [the Federal Rules of Civil Procedure']." Doc. 43 at 2.  This allegation, however, is based on Carter's erroneous construction of Federal Rule of Civil Procedure Rule 6(a)(1)(C), which prohibits any Saturday, Sunday or legal holiday from counting towards the limitations period only when the last day of the limitations period falls on a Saturday, Sunday or legal holiday.[5]  Thus, contrary to Carter's assertion, all Saturdays, Sundays, and legal holidays count towards the running of the limitations period unless they are the last day of the limitations period.

---

[5] "[I]f the last day [of the limitations period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6(a)(1)(C).

Upon review of the documents filed by the parties and under applicable federal law, it is clear that Carter's claims arising from actions occurring on May 10, 2013 are barred by the two-year period of limitations governing 42 U.S.C. § 1983 claims.

> All constitutional claims brought under are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Although the general state-law statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49–50 (4th Cir. 1975). Under settled law, the statute of limitations in § 1983 actions begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id*. A § 1983 action therefore accrues when a plaintiff knows or has reason to know of the underlying claims. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *Calhoun v. Ala. Alcoholic Bev. Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983).

As previously noted, the earliest date Carter could be deemed to have filed the complaint is May 19, 2015. The actions giving rise to Carter's claims occurred on May 10, 2013, and there is no dispute that Carter knew or had reason to know the factual basis for each of his claims on this date. By its express terms, the tolling provision of Alabama

Code § 6-2-8(a) affords no relief to Carter from application of the time bar.[6] The statute of limitations therefore began to run on May 11, 2013.[7] The limitations period ran without interruption until its expiration on May 11, 2015. Carter filed the instant complaint on May 19, 2015. Consequently, the filing of this civil action occurred after the expiration of the applicable period of limitations and the complaint is barred by the two-year statute of limitations. The defendants are entitled to summary judgment.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motions for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be DISMISSED with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

On or before **March 9, 2018**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in

---

[6] The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action. Ala. Code § 6-2-8(a). Carter does not allege that these exceptions apply to him. Instead, the record indicates that Carter had not been deemed legally insane at the time his cause of action accrued and also establishes that he was 43 years of age at the time of the incident at issue. Doc. 19-3 at 25.

[7] In computing the federal period of limitations, the court must "exclude the day of the event that triggers the period[.]" Fed.R.Civ.P. 6(a)(1)(A).

accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of February, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE